UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
————————————————————X

RONALD WALKER,

    Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
ANDREW J. KAMNA, shield # 24865, POLICE
OFFICER NAHANTARA GONZALEZ, shield # 5325,
POLICE OFFICER FRANCISCO PINA, shield # 26670,
POLICE OFFICERS JANE/JOHN DOE(S) #'S 1-10.

    Defendants.

————————————————————X

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ FEB 21 2012 ★
BROOKLYN OFFICE

COMPLAINT

PLAINTIFF DEMANDS
TRIAL BY JURY

WEINSTEIN, J.



12-000840

MANN, M.J.

    PLAINTIFF RONALD WALKER, by his attorney DAVID A. ZELMAN, ESQ., for his COMPLAINT, alleges upon information and belief, as follows:

I. PRELIMINARY STATEMENT

1.   This is a civil rights action in which PLAINTIFF RONALD WALKER (hereinafter "WALKER") seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. On or about December 17, 2010, at approximately 7:15 P.M., at or near 61 Thatford Avenue, Brooklyn, New York, WALKER was unlawfully stopped and falsely arrested with excessive force by Defendants, including, but not limited to, POLICE OFFICER ANDREW J. KAMNA, shield # 24865, OFFICER NAHANTARA GONZALEZ, shield # 5325, POLICE OFFICER FRANCISCO PINA, shield # 26670, and POLICE OFFICERS JOHN DOE(S) (hereinafter "Defendants"). It is alleged that Defendants falsely arrested WALKER with excessive force in violation of his

1

      constitutional rights. As a result of the excessive force used by Defendants, WALKER suffered physical and mental injuries.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1343(3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. § 1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over PLAINTIFF's state law claims.

## III. PARTIES

3. WALKER at all times relevant hereto resided at 626 Sutter Avenue, Apartment 3B, Brooklyn, New York 11207.

4. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5. Defendant POLICE OFFICER ANDREW J. KAMNA, shield # 24865 (hereinafter "KAMNA") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. KAMNA is sued in his individual and official capacities.

6. Defendant POLICE OFFICER NAHANTARA GONZALEZ, shield # 5325 (hereinafter "GONZALEZ") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of her employment. GONZALEZ is sued in her individual and official capacities.

7. Defendant POLICE OFFICER FRANCISCO PINA, shield # 26670 (hereinafter "PINA") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. PINA is sued in his individual and official capacities.

8. Defendants POLICE OFFICERS JANE/JOHN DOE(S) #'s 1-10 (hereinafter "DOE(S)") were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment. DOE(S) are sued in the individual and official capacities.

9. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

10. On or about December 17, 2010, WALKER went to 61 Thatford Street, Brooklyn, New York to visit a friend who lived there.

11. While WALKER waited outside the building for his friend, he was approached by three police officers.

12. The police officers asked WALKER why he was there and asked to see his identification.

13. WALKER gave his identification to the police officers.

14. WALKER asked the police officers why they were harassing him.

15. The police officers assaulted WALKER, including putting him in a chokehold.

3

16. The police officers placed WALKER under arrest using excessive force.

17. WALKER was transported to the 73rd precinct, and en route, the police officers again assaulted him.

18. WALKER was charged with resisting arrest (P.L. § 205.30) and criminal possession of a controlled substance in the seventh degree (P.L. § 220.03).

19. WALKER was transported to Central Booking, where he was held overnight and arraigned on December 19, 2010.

20. WALKER was released on his own recognizance after arraignment.

21. WALKER has appeared in court several times.

22. The charges against WALKER are still pending.

23. WALKER made a complaint to the Civilian Complaint Review Board (CCRB) shortly after his release.

24. On or about October 26, 2011, the CCRB substantiated charges against KAMNA and PINA for abuse of authority and use of force.

## V. FIRST CAUSE OF ACTION
Pursuant to § 1983 (ILLEGAL INVESTIGATORY DETENTION)

25. Paragraphs 1 through 24 of this complaint are hereby realleged and incorporated by reference herein.

26. That stopping WALKER and demanding to see his identification constituted a seizure.

27. That Defendants had neither valid evidence nor legal cause or excuse to seize and detain WALKER.

28. That in detaining WALKER without reasonable suspicion that criminal activity had occurred or was about to occur, Defendant CITY abused its power and authority as a policymaker of the NYPD under the color of State and/or local law. It is alleged that

4

CITY, via their agents, servants and employees routinely stopped persons without reasonable suspicion of criminal activity. WALKER was but one of those persons.

29. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

30. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

31. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of WALKER's rights alleged herein.

32. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of WALKER's rights, subjected WALKER to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

33. By reason of the foregoing, WALKER suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
Pursuant to § 1983 (FALSE ARREST)

34. Paragraphs 1 through 33 of this complaint are hereby realleged and incorporated by reference herein.

35. That Defendants had neither valid evidence for the arrest of WALKER nor legal cause or excuse to seize and detain him for approximately two days.

36. That in detaining WALKER for approximately two days, and without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the New York City Police Department under the color of State and/or local law. It is alleged that CITY, via their agents, servants and employees routinely charged persons with crimes they did not commit. WALKER was but one of those persons.

37. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

38. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated. In addition, the City of New York had and has a policy, custom, and/or practice of detaining persons for an excessive period of time prior to arraignment.

6

39. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of WALKER's rights alleged herein.

40. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of WALKER's rights, subjected WALKER to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

41. By reason of the foregoing, WALKER suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
### Pursuant to §1983 (EXCESSIVE FORCE)

42. Paragraphs 1 through 41 are hereby realleged and incorporated by reference herein.

43. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

44. That Defendants had no legal cause or reason to use excessive force in effectuating WALKER's arrest or after WALKER was arrested and in custody.

45. That Defendants violated WALKER's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

46. That at the time of the arrest or while in custody, WALKER did not pose a threat to the safety of the arresting officers.

47. That WALKER was not actively resisting arrest or attempting to evade arrest.

48. That defendant CITY, through its officers, agents, and employees, unlawfully subjected WALKER to excessive force while effectuating his arrest.

49. That Defendants actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

50. That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of WALKER's rights, subjected WALKER to excessive force while effectuating his arrest, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the Untied States Constitution.

51. That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of WALKER's civil rights, including but not limited to the right to be free from the application of excessive force.

52. That upon information and belief, in 2010, Defendants and CITY had a policy or routine practice of using excessive force when effectuating arrests.

53. That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

54. That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

55. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of WALKER's rights alleged herein.

56. By reason of the foregoing, WALKER suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

### VIII. FOURTH CAUSE OF ACTION
Pursuant to § 1983 (EXCESSIVE PRE-ARRAIGNMENT DETENTION)

57. Paragraphs 1 through 56 are hereby realleged and incorporated by reference herein.

58. That Defendant CITY had no legal cause nor excuse to detain WALKER for a prolonged period prior to arraignment.

59. That Defendant CITY detained WALKER excessively prior to arraignment in violation of WALKER's civil rights.

60. That Defendant CITY should have expeditiously investigated this matter and released WALKER.

61. By reason of Defendant's acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of WALKER's rights, deprived WALKER of his liberty when it subjected him to an unlawful, illegal and excessive detention, in violation of his due process rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

62. That in so acting, Defendant CITY, abused its power and authority as policymaker of the New York City Police Department under the color of State and/or local law.

9

63. That upon information and belief, in 2010, Defendant CITY had a policy or routine practice of detaining and imprisoning individuals for excessive periods prior to arraignment.

64. That upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately train and supervise their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

65. That as a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

66. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of WALKER's rights alleged herein.

67. That Defendant, through its officers, agents and employees, unlawfully incarcerated WALKER for an excessive period of time prior to arraignment.

68. By reason of the foregoing, WALKER suffered mental injuries, economic injury, deprivation of property, liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## IX. FIFTH CAUSE OF ACTION
Pursuant to § 1983 (DENIAL OF MEDICAL CARE)

69. Paragraphs 1 through 68 are hereby realleged and incorporated by reference herein.

70. WALKER, while detained in Defendants' custody prior to trial was denied access to medical care needed to remedy a serious medical condition.

71. Defendants failed to provide needed medical care to WALKER because of deliberate indifference to WALKER's need therefor.

72. By reason of Defendant's acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of WALKER's rights, deprived WALKER of his liberty when it denied him medical care while WALKER was in its custody, in violation of his due process rights pursuant to the Fourteenth Amendment of the United States Constitution and the laws of the State of New York.

73. That in so acting, Defendant CITY, abused its power and authority as policymaker of the New York City Police Department under the color of State and/or local law.

74. That upon information and belief, in 2010, Defendant CITY had a policy or routine practice of denying medical care to pre-trial detainees in its custody.

75. That upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately train and supervise their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

76. That as a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

77. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of WALKER's rights alleged herein.

78. That Defendant, through its officers, agents and employees, unlawfully denied WALKER medical care while he was in its custody.

79. By reason of the foregoing, WALKER suffered mental injuries, economic injury, deprivation of property, liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## X. SIXTH CAUSE OF ACTION
Pursuant to § 1983 (MALICIOUS PROSECUTION)

80. Paragraphs 1 through 79 are hereby realleged and incorporated by reference herein.

81. That Defendants with malicious intent, arrested WALKER and initiated a criminal proceeding despite the knowledge that WALKER had committed no crime.

82. That the charges against WALKER are still pending.

83. That there was no probable cause for the arrest and criminal proceeding.

84. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of WALKER's rights, deprived WALKER of his liberty when they maliciously prosecuted him and subjected him to an unlawful, illegal and excessive detention, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

85. That upon information and belief, Defendants had a policy and /or custom of maliciously prosecuting individuals despite the lack of probable cause. Thus, as a result of the above described policies and customs, WALKER was maliciously prosecuted despite the fact that he had committed no violation of the law..

86. That upon information and belief it was the policy and /or custom of defendant CITY to inadequately hire, train, supervise, discipline and /or terminate their officers, staff, agents

and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

87. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

88. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of WALKER's rights alleged herein.

89. That in so acting, defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

90. That upon information and belief, in 2010, defendant CITY had a policy or routine practice of alleging facts against persons for the purpose of charging crimes they did not commit.

91. That by reason of the foregoing, WALKER suffered physical and psychological injuries, traumatic stress, post traumatic stress disorder, mental anguish, economic damages including attorneys fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

XI. SEVENTH CAUSE OF ACTION
Pursuant to § 1983 (Denial of Fair Trial)

92. Paragraphs 1 through 91 are hereby realleged and incorporated by reference herein.

93. By fabricating evidence, defendants violated WALKER's constitutional right to a fair trial.

94. Defendants were aware or should have been aware of the falsity of the information used to prosecute plaintiff.

95. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, WALKER has suffered and will continue to suffer, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, WALKER respectfully requests that judgment be entered:

1. Awarding WALKER compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding WALKER punitive damages in an amount to be determined by a jury;

3. Awarding WALKER interest from December 17, 2010 and

4. Awarding WALKER reasonable attorney's fees pursuant to 42 USC §1988; and

5. Granting such other and further relief as to this Court seems proper.

DATED: Brooklyn, New York
February 13, 2012

DAVID A. ZELMAN, ESQ.
(DZ 8578)
612 Eastern Parkway
Brooklyn, New York 11225
(718)604-3072

Case 1:12-cv-00840-MKB-RLM Document 1 Filed 02/21/12 Page 15 of 15 PageID #:
15