UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
RONALD WALKER,

                                Plaintiff,

            -against-

CITY OF NEW YORK, et al.,

                              Defendants.
------------------------------------------------------------------x

                                MEMORANDUM
                                AND ORDER

                                12-CV-840 (MKB)

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

       Currently pending before this Court is a motion filed by plaintiff Ronald Walker ("plaintiff" or "Walker"), see Letter Motion (docketed Dec. 12, 2012) ("Pl. Reconsid. Motion"), ECF Docket Entry ("DE") #41, seeking reconsideration of a Memorandum and Order issued by this Court on December 11, 2012, see Memorandum and Order (Dec. 11, 2012) ("M&O"), DE #40. In that Memorandum and Order, the Court denied plaintiff's December 10th request for an order directing the United States Marshal Service to effect personal service on defendants Andrew J. Kamna and Nahantara Gonzalez, inasmuch as plaintiff is represented by private counsel (David Zelman) on a contingency fee basis. See Second Motion for Leave to Proceed In Forma Pauperis (Dec. 10, 2012) ("12/10/12 Pl. Motion"), DE #39. After recounting the Marshal Service's failed attempt to serve these two defendants by mail, plaintiff's December 10th request contained only a single paragraph attempting to justify court-ordered service of process by the Marshals Service. The entirety of plaintiff's earlier argument reads as follows:

> In case your Honor is at all concerned about doing so,[1] I copy an Order below from Judge Block indicating that the financial condition of the party is the issue with respect to in forma pauperis relief, not whether the party is pro se. As your Honor is aware, Mr. Walker is currently incarcerated and not able to assist with service of the officers or payment of any costs[.]

Id. at 2. Plaintiff then attached a docket entry of Judge Frederic Block in another case involving a plaintiff also represented by Mr. Zelman. The substance of that order reads as follows:

> The defendant's letter application dated 7/25/12 with respect to revoking the plaintiff's in forma pauperis status is DENIED. The motion was granted based on the plaintiff['s] monthly income and not whether they are proceeding pro se.

12/10/12 Pl. Motion at 2 (quoting Docket Entry in Bennett v. City of New York, 12 CV 2920 (E.D.N.Y. July 26, 2012)).

In its Memorandum and Order denying plaintiff's December 10th request, this Court observed, at the outset, that Mr. Zelman had neglected to cite an adverse decision by Magistrate Judge Joan Azrack, in another case filed by Mr. Zelman on Walker's behalf. See M&O at 1. In the earlier Walker case ("Walker I"), Judge Azrack denied a similar in forma pauperis ("IFP") request, and cited case law supporting the principle that IFP applications "ordinarily should not be granted in a contingency context . . . ." Docket Entry in Walker v. City of New York, 11-CV-314 (CBA)(JMA) (E.D.N.Y. May 31, 2012) (quoting Fodelmesi v. Schepplerly, 944 F.Supp. 285, 286 (S.D.N.Y. 1996), and citing Fridman v. City of New

---

[1] Mr. Zelman was aware of the Court's concern, which had been expressed at a settlement conference in this case on November 29, 2012.

-2-

York, 195 F.Supp.2d 534, 538 (S.D.N.Y. 2002)).

This Court's Memorandum and Order of December 11, 2012 did not, however, blindly follow Judge Azrack's lead. The Court noted that the decision whether to grant an IFP request is a matter entrusted to the Court's discretion. See M&O at 2 (citing Fridman, 195 F.Supp.2d at 536). In exercising that discretion, the Court considered whether there were any aspects to this case that would warrant requiring the Marshal Service to effect service on Kamna and Gonzalez, where plaintiff is represented by private counsel on a contingency fee basis; finding none, the Court denied plaintiff's request. See M&O at 2.

In addition, although plaintiff's application had not even posited any chilling effect, the Court nevertheless addressed -- and discounted -- that possibility:

> [I]n this Court's experience, indigent plaintiffs who are represented by counsel on a contingency fee basis rarely even apply for IFP status. Therefore, the Court is not persuaded that denying IFP status in such a situation will deter the filing of nonfrivolous claims.

Id. at 2 n.2.

Dissatisfied with the Court's ruling, Mr. Zelman, on behalf of plaintiff, now moves for reconsideration, and expands his one-paragraph application to a four-page single-space argument. First, he emphasizes plaintiff's indigency, and the fact that plaintiff is incarcerated. See Pl. Reconsid. Motion at 1. Mr. Zelman concedes that he represents plaintiff on a contingency fee basis, but claims that he "never agreed to advance expenses" for plaintiff. See

-3-

id.[2]  Mr. Zelman acknowledges, however, that his office took the case knowing that it would have to bear (more significant) expenses such as deposition and copying costs.  See id. at 1-2.

Mr. Zelman also contends that this Court "neglected to undertake the proper inquiry in analyzing" plaintiff's request, id. at 2, and he attempts to distinguish each of the cases cited by the Court, see id. at 2-3, with the exception of Judge Azrack's decision in Walker I, which he suggests is aberrational.  See id. at 2.  He argues that the Court's ruling will "discourage able counsel from bringing meritorious claims of police misconduct," id. 4, and implies that he will seek to withdraw from the case unless the ruling is reversed.  See id. at 3.  What plaintiff's counsel does not do, however, is address the applicable legal standards for assessing motions for reconsideration.

A motion for reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  In re Initial Public Offering Secs. Litig., 399 F.Supp.2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotation omitted), aff'd sub nom. Tenney v. Credit Suisse First Boston Corp., Nos. 05 Civ. 3430, 05 Civ. 4759, 05 Civ 4760, 2006 WL 1423785, at *1 (2d Cir. May 19, 2006); accord Drapkin v. Mafco Consol. Grp., Inc., 818 F.Supp.2d 678, 695 (S.D.N.Y. 2011).  In this District, "[m]otions for reconsideration are governed by Local Civil Rule 6.3 [of the Southern and Eastern Districts of New York] and are committed to the sound discretion of the [ ] court."  Reddy v. Salvation Army, No. 06-CIV-5176 (SAS), 2008 WL 4755733, at *1 (S.D.N.Y. Oct. 27, 2008) (citing Patterson v. United States, No. 04-CIV-3170 (WHP), 2006 WL 2067036, at

---

[2] Notably, he does not furnish the Court with a copy of the Walker retainer agreement.

*1 (S.D.N.Y. July 26, 2006)). Under Local Civil Rule 6.3, a party moving for reconsideration must "set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." Local Civ. R. 6.3. Courts have held that Rule 6.3 is to be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been fully considered by the court." Ocello v. City of New York, No. CV-05-3725, 2008 WL 2827424, at *5 (E.D.N.Y. July 21, 2008) (internal citation omitted). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted).

Additionally, advancing "a new or expanded argument does not warrant reconsideration," ResQNet.com, Inc. v. Lansa, Inc., No. 01 Civ. 3578 (RWS), 2005 WL 2241524, at *2 (S.D.N.Y. Sept. 15, 2005), inasmuch as "a motion for reconsideration is not a vehicle to offer additional support for an argument rejected previously by the Court." Drapkin, 818 F.Supp.2d at 696 (internal citation and quotation omitted); see Richard Feiner & Co. v. BMG Music Spain, No. 01 Civ. 0937 (JSR), 2003 WL 21496812, at *1 (S.D.N.Y. June 27, 2003) ("[P]laintiff is advancing new arguments without excuse as to why these arguments were not raised previously, and these arguments therefore are not cognizable on a motion for reconsideration.").

Courts in this Circuit have identified three basic situations in which reconsideration is warranted: (1) where there has been "an intervening change in controlling law," (2) where

new evidence is available, or (3) where there is a need "to correct a clear error or prevent manifest injustice." See Cordero v. Astrue, 574 F.Supp.2d 373, 379-80 (S.D.N.Y. 2008) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)).  Plaintiff makes no attempt whatsoever to satisfy these standards.

    First, all of the arguments now advanced by plaintiff are either entirely new or expanded explanations for his prior application, and therefore are not cognizable on reconsideration.  Plaintiff points to no controlling decisions or facts that this Court overlooked.  The Court was aware of plaintiff's incarceration, and, having reviewed the relevant case law (which, apart from Judge Block's docket entry in Bennett, was not even cited in plaintiff's prior motion), was familiar with the procedural posture of each of those cases.  Although not raised in plaintiff's earlier motion, the Court considered whether its ruling would chill the filing of nonfrivolous claims and concluded that it would not, based on the Court's knowledge that private counsel representing indigent clients on a contingency fee basis routinely arrange for service of process without imposing upon the Marshal Service.[3]

---

[3] Indeed, the Court is unaware of any private attorney other than Mr. Zelman who moves for IFP status on behalf of clients (including incarcerated individuals) whom he represents on a contingency fee basis.

  Furthermore, plaintiff's chilling-effect argument is predicated on "the large financial contribution counsel must make at the outset of each matter," including "$350 for a filing fee, [and] $100-400 in process server costs . . . ." Pl. Reconsid. Motion at 4.  Notably, the only issue now before this Court is whether the Marshal Service should be compelled to serve two defendants on behalf of a represented plaintiff -- a function that, even plaintiff concedes, "should not be more than $150" if performed by a private process server. See id. at 3.  Plaintiff has already been permitted to initiate this litigation without paying the standard $350 filing fee.  Thus, Mr. Zelman's suggestion that he would seek to withdraw from the case rather than advance no more than $150 in service costs, see id., strains credulity.

In short, because plaintiff's motion for reconsideration falls woefully short of satisfying the standards under Local Rule 6.3, the Court declines to modify its prior ruling.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**December 17, 2012**

/s/ *Roanne L. Mann*

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**