**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x

RONALD WALKER,

                      **Plaintiff,**

        -against-

CITY OF NEW YORK, et al.,

                     **Defendants.**

----------------------------------------------------------------x

**MEMORANDUM**
**AND ORDER**

**12-CV-840 (MKB)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

Currently pending before this Court is a letter-motion filed by plaintiff Ronald Walker

("plaintiff"), requesting a premotion conference in connection with plaintiff's proposed motion

to strike defendants' answers as a sanction for failing to comply with their discovery

obligations and court-imposed deadlines.  <u>See</u> Motion for Premotion Conference (Nov. 19,

2012) ("Pl. Motion"), ECF Docket Entry ("DE") #35.[1]  For the reasons that follow, plaintiff's

application is denied.

<u>**DISCUSSION**</u>

In opposing plaintiff's request, David M. Pollack, the Assistant Corporation Counsel

representing the City and Officer Pina, does not dispute that his defense of this case has been

less than perfect.  <u>See</u> Reply in Opposition (Dec. 18, 2012) ("Def. Opp."), at 2, DE #43.

Indeed, defense counsel's conduct has been grossly deficient, characterized by a series of

---

[1]  Although plaintiff also requested leave to move for a default against defendant Francisco
Pina, <u>see</u> Pl. Motion at 1, plaintiff has withdrawn that request, <u>see</u> Joint Motion (Nov. 7,
2012) ("Joint Motion"), DE #33, and Pina has now answered the Complaint.  <u>See</u> Answer
(Nov. 19, 2012), DE #36.

missed deadlines and failures to timely request extensions from the Court. <u>See generally</u> Pl.

Motion. These repeated lapses should and will be brought to the attention of his superiors at

the New York City Law Department. Nevertheless, the question posed by plaintiff's request is

whether defendants' answers should be stricken on account of defense counsel's mishandling of

this case. The Court concludes that the severe sanction sought by plaintiff is not warranted,

and that a premotion conference is unnecessary.

Although not cited in his moving papers, plaintiff's request that defendants' answers be

stricken presumably is predicated on the sanctions provisions in Rules 37(b)(2) and 37(d)(3) of

the Federal Rules of Civil Procedure. Those rules identify a range of sanctions that may be

imposed for failing to comply with a discovery order and discovery obligations. Although

courts have broad discretion in selecting an appropriate sanction, the Second Circuit has made

clear that the most severe sanction should be reserved for the "rare" case in which such a

punishment is "necessary to achieve the purpose of Rule 37 as a credible deterrent." <u>Update</u>

<u>Art, Inc. v. Modiin Publ'g, Ltd.</u>, 843 F.2d 67, 71 (2d Cir. 1988). "Among the factors the

court should consider in selecting an appropriate sanction are the extent and duration of the

noncompliance, the culpability of the noncompliant party, the adequacy of notice, and the

efficacy of lesser sanctions." <u>Gissinger v. Yung</u>, Nos. 04-CV-0534(CBA)(JO), 04-CV-

5406(CBA)(JO), 2006 WL 1329697, at *3 (E.D.N.Y. May 16, 2006) (citing <u>Bambu Sales,</u>

<u>Inc. v. Ozak Trading Inc.</u>, 58 F.3d 849, 852 (2d Cir. 1995)). Ordinarily, the most severe

sanction will not be warranted unless the noncompliance has been "willful, or in bad faith, or

otherwise culpable." <u>Luft v. Crown Publishers, Inc.</u>, 906 F.2d 862, 865 (2d Cir. 1990).

While not dispositive of the inquiry, the prejudice suffered by the moving party is likewise a relevant factor in determining whether to strike a defendant's answer.  See So. New Eng. Tel. Co. v. Global NAPS Inc., 624 F.3d 123, 148-49 (2d Cir. 2010).

Having considered defendants' derelictions in light of the above standards, the Court declines to strike defendants' answers as a discovery sanction.  To be sure, defense counsel has missed a number of court deadlines, and has reportedly failed to produce defendants for deposition.  Nevertheless, these lapses, while undeniably negligent, do not rise to the level of willful misconduct.[2]  Furthermore, defendants were not placed on notice that continued delays would result in striking their answers, and defendants' omissions are not (yet) so severe or longstanding in nature as to warrant the most extreme punishment and deterrent.  Notably, the delays in the case are not solely attributable to defense counsel.  See Order To Show Cause (June 1, 2012), DE #11.  In fact, two of the individual defendants (Kamna and Gonzalez) have not been properly served, and plaintiff has requested (and the Court hereby grants) additional time to personally serve them.  See Reply in Support (Dec. 18, 2012) ("Pl. Reply") at 2, DE #44.[3]  While the Court shares plaintiff's frustration with defense counsel's dilatory conduct and

_____

[2]  In explaining his delayed responses, defense counsel has cited his trial schedule and the disruptions caused by Hurricane Sandy.  See Def. Opp. at 1-2.

[3]  Plaintiff argues that defense counsel acknowledged service on all of the individual officers in this case.  See Pl. Motion at 2; see also Joint Motion.  Defense counsel now claims that Kamna and Gonzalez have not been served, see Def. Opp. at 2, and plaintiff does not dispute that service by mail is not effective service.  See Pl. Motion at 2.  While defense counsel's failure to correct the service-related statement in the Joint Motion filed by plaintiff's counsel is yet

(continued…)

the slow pace of the case, the lack of service on Kamna and Gonzalez has contributed to the delays. Therefore, defense counsel's unresponsiveness has caused plaintiff little if any prejudice, and whatever prejudice plaintiff has suffered may be mitigated with an order further extending discovery.

## CONCLUSION

For the foregoing reasons, the Court declines to strike defendants' answers as a sanction. Defendants are directed, by January 4, 2013, to serve responses to those discovery demands that were previously omitted from their responses. By that same date, defendants must disclose to plaintiff's counsel the addresses at which defendants Kamna and Gonzalez may be served. The Court grants plaintiff's request for additional time to serve those individual defendants, until January 24, 2013. Defendants are warned that any further violations of court orders will result in the imposition of severe sanctions.

Counsel are directed to confer and, by January 28, 2013, to file a joint proposed schedule for the completion of discovery and for further proceedings.

**SO ORDERED.**

**Dated:     Brooklyn, New York**
**December 26, 2012**

/s/ *Roanne L. Mann*

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**

---

[3](…continued)
another example of sloppy lawyering on defense counsel's part, it does not alter the fact that, unless and until the Law Department and the two unserved defendants reach agreement on whether the Law Department will represent them in this litigation, Mr. Pollack is without authority to concede service or to accept notices of deposition on their behalf.

-4-